## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| SELECT RETRIEVAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil no. 2:12-cv-00003-NT |
| | ) |
| L. L. BEAN, INC., | ) |
| | ) |
| Defendant. | )) |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Before the Court is the Defendant L. L. Bean, Inc.'s Motion to Dismiss the Complaint on the ground that it fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the Defendant's Motion to Dismiss (ECF No. 13) is **GRANTED in part and DENIED in part**.

## BACKGROUND

The Plaintiff, Select Retrieval, LLC, is a Texas limited liability company that owns United States Patent No. 6,128,617 ("the '617 patent"), which is entitled "Data Display Software with Actions and Links Integrated with Information." The '617 patent, which is appended to the five-page Complaint, "relates to presenting information to computer users and, in particular, to integrating actions in and links between information to provide improved access to the information." Compl. Ex. A at 19 (ECF No. 1-1). The '617 patent contains sixteen claims, two of which are independent and fourteen of which are dependent claims. The two independent

claims are: 1) "[a] method of retrieving information from a database record having plural fields" and 2) "[a] computer readable medium having thereon software instructions for retrieving information from a database record having plural fields . . . ."[1] Compl. Ex. A at 27.

The Complaint consists of one count of infringement of the '617 patent by the Defendant, a Maine corporation. The Plaintiff asserts that the Defendant has directly and indirectly infringed the '617 patent "by making, using, owning, operating and/or maintaining one or more websites, including but not limited to, www.llbean.com, that embody the inventions claimed" in the patent. Compl. ¶ 9 (ECF No. 1). Additional allegations of indirect infringement include both contributory infringement pursuant to 35 U.S.C. § 271(c) and induced infringement pursuant to 35 U.S.C. § 271(b). Compl. ¶¶ 11 & 12. Finally, the Plaintiff alleges that the infringement has been willful since October 17, 2011, when the Plaintiff notified the Defendant of the subject patent by filing this lawsuit. Compl. ¶¶ 10 & 13. In its prayer for relief, the Plaintiff seeks damages, interest, costs, expenses, and attorney's fees. Compl. at 4.

## LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & 8(d)(1). The First Circuit has set forth, consistent with *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S.

---

[1] The dependent claims are not relevant to this motion.

544 (2007), the "proper handling of a motion to dismiss" for failure to state a claim upon which relief can be granted under Rule 12(b)(6):

> Step one: isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements. . . . Step two: take the complaint's well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief.

*Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) (citations omitted). "Plausible, of course, means something more than merely possible, and gauging a pleaded situation's plausibility is a 'context-specific' job that compels [the court] 'to draw on' [its] 'judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

### I.   Direct Infringement

The Defendant argues that the Plaintiff's claim of direct infringement should be dismissed because the Plaintiff's allegations regarding the Defendant's website are not specific enough. The Defendant contends that the Plaintiff has not identified the infringing feature or portion of the website, or the infringing product or service used to operate the website, in order to meet the standard enunciated in *Iqbal* and *Twombly*.

In opposition, the Plaintiff relies on precedent of the Federal Circuit, which has exclusive jurisdiction over appeals in civil actions arising under the patent laws. *See* 28 U.S.C. § 1295(a)(1). In *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007), the court explained that "a patentee need only plead facts

sufficient to place the alleged infringer on notice as to what he must defend." *Id*. at 1357. The court also cited a sample complaint for patent infringement found in the Appendix of Forms to the Federal Rules of Civil Procedure. According to *McZeal*, current Form 18 (formerly Form 16) requires:

> 1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent"; 4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and damages.

*Id*.

In *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012), the Federal Circuit revisited the adequacy of a pleading which follows Form 18 in a post-*Iqbal* and *Twombly* world. The Federal Circuit pointed to Rule 84 of the Federal Rules of Civil Procedure, which provides that "'the forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate.'" *In re Bill of Lading*, 681 F.3d at 1334 (quoting Fed. R. Civ. P. 84). The Federal Circuit also observed that the advisory committee notes to a 1946 amendment provided: "'[T]he amendment serves to emphasize that the forms contained in the Appendix of Forms are sufficient to withstand attack under the rules under which they are drawn, and that the practitioner using them may rely on them to that extent.'" *In re Bill of Lading*, 681 F.3d at 1334 (quoting Fed. R. Civ. P. 84 advisory committee's notes). The Federal Circuit then cited Supreme Court precedent which provides that changes to the Federal Rules of Civil Procedure "'must be obtained by the process of amending the

Federal Rules, and not by judicial interpretation.'" *In re Bill of Lading*, 681 F.3d at 1334 (quoting *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993), and citing *Twombly*, 550 U.S. at 569 n.14). Following this logical progression, the Federal Circuit concluded that, "to the extent the parties argue that *Twombly* and its progeny conflict with the Forms and create differing pleadings requirements, the Forms control." *In re Bill of Lading*, 681 F.3d at 1334. Thus, whether a complaint adequately pleads direct infringement is to be "measured by the specificity required by Form 18." *Id.* (citation omitted).

Applying the standard enunciated in *In re Bill of Lading*, the Court concludes that the Plaintiff's Complaint satisfies the five requirements of Form 18 as to its claim of direct infringement. As to Form 18's first two requirements, the Complaint contains an allegation of jurisdiction and a statement that the Plaintiff owns the '617 patent.

As to the third requirement of Form 18, the Complaint alleges that the Defendant has infringed the patent "by making, using, owning, operating and/or maintaining" the www.llbean.com website. Compl. ¶ 9. The Defendant argues that a website is not a "[device] embodying the patent," *McZeal*, 501 F.3d at 1357, because "[a] website is not a product, a service, or even a discrete technology such as the 'electric motors' used as an example in Form 18." Def.'s Mot. Dismiss 7. The Court disagrees. A website plausibly may embody a patent simply by using the patented methodology without authorization.[2]

---

[2] Pursuant to 35 U.S.C. § 101, the kinds of inventions or discoveries that are patentable are processes, machines, manufactures, and compositions of matter. A "process" is defined as a "process,

As to the final two Form 18 requirements, the Complaint alleges that the Plaintiff notified the Defendant of the infringement, and it seeks damages and other relief. The Plaintiff has cleared the extremely low bar set forth by Form 18 for a direct infringement claim.[3]

## II.   Indirect Infringement

The Plaintiff's claims of indirect infringement, consisting of contributory infringement and induced infringement, must be analyzed differently than the claim of direct infringement. "The Forms are controlling only for causes of action for which there are sample pleadings. . . . Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement." *In re Bill of Lading*, 681 F.3d at 1336 (citation omitted). Thus, the pleading requirements of *Iqbal* and *Twombly*, as set forth by the First Circuit in *Schatz*, apply to claims of indirect infringement. *See In re Bill of Lading,* 681 F.3d at 1336.

### A. Contributory Infringement

Section 271(c) provides:

> Whoever offers to sell or sells within the United States . . . a component or a patented machine, manufacture, combination or

---

art or method, and includes a new use of a known process, machine, manufacture, composition of matter, or material." 35 U.S.C. § 100(b). The three exceptions to § 101 are "'laws of nature, physical phenomena, and abstract ideas.'" *Bilski v. Kappos*, 130 S. Ct. 3218, 3225 (2010) (quoting *Diamond v. Chakrabarty*, 447 U.S. 303, 309 (1980)).

[3]   In a decision predating *In re Bill of Lading*, a district court denied motions to dismiss a similar complaint filed by the Plaintiff against "dozens of Defendants." *See Select Retrieval, LLC v. American Apparel, LLC*, No. 11cv2158-LAB (WMC), 2012 U.S. Dist. Lexis 40208, at *8-9 (S.D. Cal. Mar. 19, 2012) (copy provided at ECF No. 16-1). Although the court determined that "selected portions" of the complaint were modeled on Form 18, it found that "greater specificity" was needed and therefore ordered the Plaintiff to file a second amended complaint. *In re Bill of Lading* does not appear to require the "greater specificity" ordered by the Southern District of California.

6

>composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

35 U.S.C. § 271(c).

The Plaintiff's sole allegation regarding contributory infringement is that the Defendant "has made, used,[4] sold, and/or offered to sell . . . services and products, including its website www.llbean.com, which have no substantial non-infringing uses, and provides such services and products to its customers and users of its website(s), whose use of such services and products constitutes direct infringement of the '617 [p]atent." Compl. ¶ 11. This allegation states the elements of contributory infringement, but pursuant to *Schatz*, the Court must ignore statements that "merely rehash cause-of-action elements" and look to the well-pled facts. But the Complaint gives no basis for inferring either that the Defendant sold or offered for sale the Plaintiff's patented method or software. Neither does the Complaint allege facts from which the Court can make the inference that the patented method or software had "no substantial non-infringing uses." *In re Bill of Lading*, 681 F.3d at 1337-38. Finally, the Complaint provides no factual underpinning from which the Court could infer that the Defendant acted knowingly. Because the Plaintiff has not alleged sufficient facts to allow the Court to make any

---

[4] The Plaintiff's use of the terms "made" and "used" in its contributory infringement allegation muddies the waters. Although the Defendant may have made or used its own website, the pertinent inquiry is whether it "sold or offered to sell" the patented invention. Certainly, the Defendant did not sell or offer to sell its own website, as the Complaint suggests.

7

of the necessary inferences, the claim of contributory infringement must be dismissed.

### B. Induced Infringement

Section 271(b) provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). Induced infringement requires "'knowledge that the induced acts constitute patent infringement'" and "'specific intent to encourage another's infringement.'" *In re Bill of Lading*, 681 F.3d at 1339 (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011) and *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)). Accordingly, the Plaintiff's Complaint must contain facts plausibly showing that the Defendant specifically intended its customers to infringe the '617 patent and knew that the customers' acts constituted infringement. *In re Bill of Lading*, 681 F.3d at 1339.

The Plaintiff's sole allegation regarding induced infringement is that the Defendant "has induced . . . others to infringe the '617 [p]atent . . . by, among other things, actively and knowingly aiding and abetting others to infringe, including but not limited to customers and users of its website(s), such as www.llbean.com, whose use of such services and products constitutes direct infringement of the '617 [p]atent." Compl. ¶ 12. Once again, this allegation rehashes the elements of induced infringement, but the Complaint fails to supply any facts demonstrating the Defendant's knowledge and specific intent to encourage infringement.

An example helps to illustrate the point. The *In re Bill of Lading* case involved a patented method used in the trucking industry that "automates the process of receiving transportation documentation and producing advance loading manifests therefrom to optimize load planning and dynamic product shipment and delivery control." *Id*. at 1329. The Federal Circuit overturned the district court's order granting the defendants' motion to dismiss for failure to state a claim. The complaints at issue averred that the defendants had touted and advertised their own dispatch software (which allegedly utilized the patented methodology) after they had received cease and desist letters from the owner of the patent. Such factual allegations provided the basis for the court to infer that the defendants intended to induce their customers to use their products "to practice the patented method" and did so with knowledge of the patent. *Id*. at 1341-46. In contrast, the Complaint in the present case contains no comparable facts. The Plaintiff's claim of induced infringement must be dismissed.

### III. Willful Infringement

Finally, the Defendant argues that the Plaintiff's claim of willful infringement should be dismissed. "A finding of willful infringement allows an award of enhanced damages under 35 U.S.C. § 284." *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 682 F.3d 1003, 1005 (Fed. Cir. 2012). "To prevail on an allegation of willful infringement, the patentee must prove (1) that the accused infringer 'acted despite an objectively high likelihood that its actions constituted infringement of a valid patent'; and (2) that this objectively defined risk was either

known or so obvious that the accused infringer should have known about it." *K-Tec, Inc. v. Vita-Mix Corp.*, Nos. 2011-1244, 2011-1484, & 2011-1512, 2012 WL 3856914, at \*10 (Fed. Cir. Sept. 6, 2012) (quoting *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc)). "[W]hen a complaint is filed, a patentee must have a good faith basis for alleging willful infringement. . . . [A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (en banc) (citations omitted).[5]

The Plaintiff's sole allegation regarding willful infringement is that the Defendant's "infringement of the '617 [p]atent since at least October 17, 2011, has been . . . willful and deliberate." Compl. ¶ 13. The Complaint does not provide any facts as to the Defendant's conduct before October 17, 2011, when the Plaintiff originally filed this lawsuit. Without such facts, the Plaintiff has not plausibly pleaded its claim of willful infringement, and that claim must be dismissed.[6]

---

[5] Although *In re Seagate* articulated this standard in the context of deciding the scope of the attorney-client privilege, other courts have applied the standard to the context of a motion to dismiss. *See, e.g.*, *Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, No. C 11-04049 JW, 2012 WL 1030031, at \*3 (N.D. Cal. Mar. 22, 2012).

[6] The Court distinguishes *Select Retrieval LLC v. Amerimark Direct LLC*, Civil No. 11-812-RGA (D. Del. June 18, 2012) (copy provided at ECF No. 17-1). In that case, the court denied the motions to dismiss the Plaintiff's claims of willful infringement because the Plaintiff alleged that, prior to filing its complaint, it notified the Defendant of the infringement and offered a licensing agreement, which the Defendant presumably did not accept. Therefore, the Plaintiff alleged facts as to the "accused infringer's pre-filing conduct." *In re Seagate*, 497 F.3d at 1374.

## CONCLUSION

The Defendant's Motion to Dismiss is **GRANTED** as to the Plaintiff's claims of indirect infringement and willful infringement and **DENIED** as to the Plaintiff's claim of direct infringement.

SO ORDERED.

/s/ Nancy Torresen
NANCY TORRESEN
UNITED STATES DISTRICT JUDGE

Dated this 31st day of October, 2012.